1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD LOUIS BROWN,                    Case No.  2:24-cv-3276-DJC-JDP (PS)

12              Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   SEIU LOCAL 1000, *et al.*,

15              Defendants.

16

17        Plaintiff has filed an amended complaint against defendants SEIU Local 1000, Service

18   Employees International Union, and the California State Employees Association, alleging that

19   defendants violated his rights by improperly removing him from his position as president of SEIU

20   Local 1000.  As with the initial complaint, the amended complaint fails to state a claim.  Since

21   plaintiff has not remedied the previously identified deficiencies, I recommend that this action be

22   dismissed.

23                    **Screening and Pleading Requirements**

24        A federal court must screen the complaint of any claimant seeking permission to proceed

25   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27

28

1    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2    relief. *Id.*

3    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

6    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

8    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

9    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20   ### Analysis

21   The amended complaint alleges that defendants violated plaintiff's rights under the First,

22   Eighth, Fourteenth, and Fifteenth Amendments by removing him as president of SEIU Local

23   1000. ECF No. 4 at 5. However, as I previously explained, these allegations are insufficient to

24   state a claim for violation of his constitutional rights under § 1983 because he has not alleged that

25   defendants were acting under color of state law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*,

26   851 F.3d 910, 921 (9th Cir. 2017). "The traditional definition of acting under color of state law

27   requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state

28   law and made possible only because the wrongdoer is clothed with the authority of state law.'"

1    *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326

2    (1941)).  Plaintiff's amended complaint again contains no allegations suggesting either that

3    defendants are state actors or that their allegedly unconstitutional conduct is "fairly attributable"

4    to the state.  *See Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (finding that the plaintiffs'

5    § 1983 claim against the Union failed for lack of state action).

6          Accordingly, the amended complaint should be dismissed for failure to state a claim.  In

7    light of the amended complaint's deficiencies and that plaintiff has already been given leave to

8    amend, I find that granting plaintiff another opportunity to amend would not cure the complaint's

9    deficiencies.  I therefore recommend that dismissal be without leave to amend.  *See Schucker v.*

10   *Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se

11   complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

12   the complaint could not be cured by amendment.") (internal quotation marks and citations

13   omitted).

14         Accordingly, it is hereby RECOMMENDED that:

15         1.  Plaintiff's first amended complaint, ECF No. 4, be DISMISSED without leave to

16   amend for failure to state a claim.

17         2.  The Clerk of Court be directed to close the case.

18         These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

20   service of these findings and recommendations, any party may file written objections with the

21   court and serve a copy on all parties.  Any such document should be captioned "Objections to

22   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

23   within fourteen days of service of the objections.  The parties are advised that failure to file

24   objections within the specified time may waive the right to appeal the District Court's order.  *See*

25   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

26   1991).

27

28

                                              3

1    IT IS SO ORDERED.

2

3    Dated:    April 1, 2025

     JEREMY D. PETERSON
4    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28