UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SEIU LOCAL 1000, et al.,<br><br>Defendants. | Case No.  2:24-cv-3276-DJC-JDP (PS)<br><br><br>ORDER |

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On April 1, 2025, the Magistrate Judge filed Findings and Recommendations herein which were served on the Parties and which contained notice that any objections to the Findings and Recommendations were to be filed within fourteen days.  In the Findings and Recommendations, the Magistrate Judge recommended that Plaintiff's First Amended Complaint be dismissed with prejudice for failure to state a claim.  Plaintiff filed Objections on April 7, 2025, and they were considered by the Court.  Having carefully reviewed the entire file, the Court adopts the Findings and Recommendations in part.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The Magistrate Judge's conclusions of law are reviewed *de novo*.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007)

1

("[D]eterminations of law by the magistrate judge are reviewed *de novo* by both the district court and [the appellate] court . . . .").

As an initial matter, the Court agrees with the Magistrate Judge's findings that Plaintiff's First Amended Complaint fails to state a claim for a violation of his constitutional rights under 42 U.S.C. § 1983. However, the Court finds that amendment would not "clearly" be futile such that leave to amend is proper.

To state a claim under section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citation omitted). To "act[] under color of state law" the defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state." *Id.* at 49 (citation omitted). While "merely private conduct, however discriminatory or wrongful," is not within the scope of the Fourteenth Amendment, state action may exist where "the challenged conduct that caused the alleged constitutional deprivation is 'fairly attributable' to the state[.]" *Belgau v. Inslee,* 975 F.3d 940, 946 (9th Cir. 2020) (citation omitted). A two-pronged inquiry exists to determine whether a State's involvement in private action is sufficient to hold the government responsible for Plaintiff's harm. *Id.* at 946–47. First, a court considers "whether the claimed constitutional deprivation resulted from the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id.* Second, a court considers "whether the party charged with the deprivation could be described in all fairness as a state actor." *Id.* at 947.

Plaintiff alleges that Defendants, "as officers and representatives of SEIU Local 1000, a public sector union" acted under the color of state law because "their roles inherently involve the execution of public union officer duties, including collective bargaining and governance, which are regulated by state and federal law." Although the Court agrees with the Magistrate Judge that these allegations do not support a

finding that the Defendants acted under color of state law, leave to amend is proper given the various ways a plaintiff may allege that a private conduct involved state action.  *See Wright v. Servs. Empls. Int'l Union Local 503,* 48 F.4th 1112, 1121–1123 (9th Cir. 2022) (explaining how a plaintiff would maintain a section 1983 claim against a private actor).  However, Plaintiff is warned that further leave to amend will not be granted absent a showing of good cause.

Accordingly, IT IS HEREBY ORDERED that:

1.  The proposed Findings and Recommendations filed April 1, 2025, are ADOPTED IN PART;

2.  Plaintiff's First Amended Complaint (ECF No. 4) is DISMISSED with leave to amend for failure to state a claim; and

3.  This matter is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:  **September 15, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE