| | |
|---|---|
| Name | Richard Louis Brown - PRO SE LITIGANT |
| Street Address | 3225 43rd Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | California 95817 |
| Telephone Number | 408-207-2339 |
| Email | richard.brown7437@yahoo.com |



**FILED**

SEP 25 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Richard Louis Brown

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

SEIU Local 1000

Service Employees International Union (SEIU)

California State Employees Association (CSEA)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Second Amended Complaint for a Civil Case**

Case No. **2:24-cv-03276-DJC-JDP**

Jury Trial:    ☒ Yes    ☐ No

*(check one)*

I. The Parties to This Complaint

    A. The Plaintiff(s)

    Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Richard Louis Brown |
| Street Address | 3225 43rd Street |
| City and County | Sacramento, Sacramento County |
| State and Zip Code | California, 95817 |
| Telephone Number | 408-207-2339 |

    B. The Defendant(s)

    Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SEIU Local 1000 |
| Job or Title (if known) | California's largest public sector employees' union |
| Street Address | 1808 14th Street |
| City and County | Sacramento, Sacramento County |
| State and Zip Code | California, 95811 |
| Telephone Number | 866-471-7348 |

Defendant No. 2

| | |
|---|---|
| Name | Service Employees International Union (SEIU) |
| Job or Title (if known) | U.S. international labor union |
| Street Address | 1800 Massachusetts Ave NW |
| City and County | Washington, DC |
| State and Zip Code | Washington, DC 20036 |
| Telephone Number | 202-730-7184 |

2

Defendant No. 3

| | |
|---|---|
| Name | California State Employees Association (CSEA) |
| Job or Title (if known) | California federation of four affiliated organizations |
| Street Address | 3000 Advantage Way |
| City and County | Sacramento, Sacramento County |
| State and Zip Code | Cailfornia, 95834 |
| Telephone Number | 916-444-8134 |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II. Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction? *(check all that apply)*

 ☒ Federal question      ☐ Diversity of citizenship

U.S. Constitution - 1st, 8th, 14th and 15th Amendments Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

<u>U.S. Constitution - 1st, 8th, 14th and 15th Amendments.</u>

<u>Federal Rules of Civil Procedure Rule 8(f) General Rules of Pleading.</u>

<u>28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Sacramento County, California, within the Eastern District of California.</u>

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.    The Plaintiff(s)

        a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

        b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.    The Defendant(s)

        a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

        b.    If the defendant is a corporation

The defendant, (name) _____, is incorporated under the laws of the State of (name) _____, and has its principal place of business in the State of (name) _____. Or is incorporated under the laws of (foreign nation) _____, and has its principal place of business in (name) _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake is more than $75,000, not counting interest and costs of court, because (explain):

_____

## III. Statement of Claims – page 1 of 4

**Count 1: Violation of First Amendment Rights (Free Speech & Association – 42 U.S.C. § 1983)**

1. Plaintiff was retaliated against by the Defendants (with the permission of the State of California through the Public Employments Relations Board (PERB)) for engaging in protected speech (e.g., anti-political spending, fiduciary reform).

2. The removal silenced dissent and punished Plaintiff for opposing entrenched status quo financial/political interests.

3. Plaintiff's protected speech included advocacy for his "10 Point Platform" to eliminate political spending by Local 1000 - a matter of significant public concern regarding the use of public employee dues for political purposes. The retaliation timeline demonstrates a clear causal connection:

• February 23, 2022: Plaintiff's political opposition to defendants' "coup" agenda becomes public

• February 25, 2022: Plaintiff lawfully suspends the three statewide vice presidents under Policy File § 9.0.03

• February 27, 2022: Suspended statewide vice presidents immediately retaliate by attempting to suspend Plaintiff

• January 7, 2023: Defendants complete retaliatory removal from office/w/o seeking court under Policy File § 9.0.05

This retaliation violates *Pickering v. Board of Education, 391 U.S. 563 (1968)* and *Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977),* as applied through § 1983.

**Count 2: Violation of Eighth Amendment Rights (Cruel and Unusual Punishment)**

4. Plaintiff's expulsion and exclusion from the union without due process or proportional justification constituted cruel punishment.

5. Economic deprivation, reputational damage, and isolation within his profession were grossly excessive.

**Count 3: Violation of Fourteenth Amendment Rights (Due Process)**

6. Defendants while acting under the "color of the law" failed to provide any legitimate notice, hearing, or judicial proceeding before removing Plaintiff—violating procedural due process - Defendants had no legal authority.

7. Defendants violated California Corporations Code § 7223 by failing to seek judicial intervention as required for removing a nonprofit director.

8. Defendants deprived Plaintiff of constitutionally protected property and liberty interests without due process by:

• Procedural Due Process: Failing to provide adequate notice, meaningful hearing, or opportunity to be heard before suspension and removal *(Mathews v. Eldridge, 424 U.S. 319 (1976))*

• Substantive Due Process: Acting in an arbitrary and capricious manner that shocks the conscience *(County of Sacramento v. Lewis, 523 U.S. 833 (1998))*

## III. Statement of Claim - page 2 of 4

**Count 4: Violation of Fifteenth Amendment Rights (Voting Rights)**

9. Union members were deprived of their elected president and denied any vote on his removal.

10. This constituted disenfranchisement and suppression of democratic rights within a state governed public sector organization.

11. Defendants through the State of California's permission with an unsanctioned meeting at the Sacramento Democratic Headquarters authorized by the State of California on October 16-17, 2021, violated equal protection by:
- Providing legal indemnification to union officials who opposed Plaintiff while denying the same to Plaintiff
- Creating selective enforcement of union policies based on political alignment while creating an illegal "Chair" to substantially change the power structure without first obtaining membership approval
- Treating similarly situated union officials differently without rational basis

12. Deprivation of Voting Rights (Fifteenth Amendment Principles)

While internal union elections are not directly covered by the Fifteenth Amendment, the principles apply here because defendants' actions supported by the State of California undermined the democratic election results that placed Plaintiff in office, effectively nullifying the votes of union members who elected him.

**Count 5: State Action Under 42 U.S.C. § 1983**

13. Defendants acted under color of state law because:
- SEIU Local 1000 is a public-sector union operating under state law (PERB) and collectively bargains with the State of California.
- Officers exercise state-delegated authority and control dues drawn from state employees.
- Removal decisions were functionally state actions under:
- *West v. Atkins, 487 U.S. 42 (1988)*
- *Brentwood Academy v. TSSAA, 531 U.S. 288 (2001)*
- *Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)*
- *Wright v. SEIU Local 503, 48 F.4th 1112, 1121-23 (9th Cir. 2022)*

14. SEIU and CSEA participated in these decisions through entwinement, endorsement, and direct governance support from the State of California—rendering them joint actors under federal law.

15. Public Function Theory

6

III. Statement of Claim - page 3 of 4

SEIU Local 1000 performs the traditional and exclusive public function of representing public employees in collective bargaining. See *Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974); Marsh v. Alabama, 326 U.S. 501 (1946).*

**Unlike private sector unions, public sector unions like SEIU Local 1000:**

- Exercise state-delegated authority over terms and conditions of public employment
- Operate under comprehensive state regulatory oversight
- Perform functions that would otherwise be performed by state agencies
- Hold exclusive, legally-mandated representation rights
  - **California governs public sector unions through California Government Code sections 3512 through 3524**

16. State Compulsion/Encouragement Theory

The State of California compelled Defendants' conduct through:

- Statutory mandates: Requiring exclusive union representation (Gov. Code § 3515)
- Regulatory framework: PERB oversight of union governance and operations
- Legal processes: State-created procedures that defendants manipulated
- Financial integration: State collection and remittance of union dues

See *Blum v. Yaretsky, 457 U.S. 991 (1982); Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961).*

17. Joint Action/Conspiracy Theory

Defendants acted jointly with state officials by:

- Coordinating with California Department of Human Resources regarding Plaintiff's employment status
- Utilizing state personnel systems to effectuate Plaintiff's removal
- Operating under PERB oversight and approval of their governance actions
- Implementing changes that required state agency cooperation and approval

18. Symbiotic Relationship Theory

SEIU Local 1000 maintains an interdependent relationship with the State of California:

- Financial integration: State collection of dues through payroll deduction systems
- Shared facilities: Use of state buildings and resources for union operations
- Joint administration: Collaborative management of employee benefits and grievance procedures
- Regulatory partnership: Ongoing cooperation with state agencies in employment matters

See *Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961).*

### III. Statement of Claim - page 4 of 4

19. Constitutional Injuries Plaintiff suffered immediate and continuing constitutional injuries including: Chilling of First Amendment rights through retaliation, Deprivation of due process rights through arbitrary removal, Loss of equal protection through discriminatory treatment, and Undermining of democratic participation rights

20. Tangible Damages - As a direct result of defendants' constitutional violations:

- Forced early retirement- April 1, 2024 (three months before term expiration) - loss of employment income/benefits

- Denial of opportunity for reelection - Professional reputation damage and career harm

- Severe emotional distress and mental anguish - Legal expenses incurred in defending against defendants' actions

### IN A SHORT BRIEF AND CONCISE SUMMARY

1. Plaintiff was elected as the President of SEIU Local 1000 in May 2021 to a 3-year term under Local 1000 Bylaws (2018), Policy File (2020) and California corporate nonprofit mutual benefit law. On February 25, 2022, President Brown suspended the official duties of three Statewide Vice Presidents for actions deemed detrimental to the union. In response, the three Statewide Vice Presidents acting under the "color of the law" with the assistance by the State of California retaliated by attempting to suspend President Brown on February 27, 2022.

2. As President, Plaintiff held exclusive authority under the governing documents to: (a) call all meetings; (b) serve as chief negotiator for all contracts; (c) run leadership elections; and (d) suspend members for detrimental conduct.

3. **The State Action Framework - Statutory Delegation of Public Authority - Ralph C. Dills Act Sects: 3512 -3515**
SEIU Local 1000 operates under extensive state statutory delegation of authority including but not limited through:

- California Government Code § 3515: Granting exclusive representation rights to designated employee organizations
- Government Code § 3517.5: Mandating payroll deduction of union dues through state payroll systems
- Government Code § 3519: Requiring state agencies to meet and confer with recognized employee organizations
- Government Code § 3523: Establishing unfair labor practice enforcement through state agencies

4. Public Employment Relations Board (PERB) Oversight et Exclusive State-Granted Powers
The California Public Employment Relations Board exercises comprehensive regulatory authority over SEIU Local 1000 pursuant to Government Code § 3541 et seq., including:

- Certification and decertification of employee organizations
- Enforcement of unfair labor practice charges
- **Oversight of representation elections and internal union governance**
- Investigation and resolution of representation disputes

Under California law, SEIU Local 1000 exercises powers that are:
- Traditionally and exclusively governmental: Collective bargaining for public employees (see ***Richardson v. McKnight, 521 U.S. 399, 413 (1997)***)
- Delegated by statute: Exclusive representation authority granted solely by state law
- Compulsory in nature: State employees are compelled to accept union representation in their terms and conditions of employment by the State of California

## IV. Relief

Plaintiff seeks the following relief:

1. **Reinstatement** – Immediate reinstatement as Local 1000 President and immediate reinstatement to California State service with no service limitations along with reinstating 2018 Bylaws and 2020 Policy File with a full reversal of the Plaintiff's illegal suspension/removal from office.

2. **Invalidation** - invalidating ALL actions taken by Local 1000 since February 27, 2022, that includes but is not limited to the 2023-2026 union contract ratification and the 2024 union leadership elections.

3. **Board Removal** – Removal of the Local 1000 Board of Directors along with all DLC Eboard officers and bar ALL of them from all future elections due to their gross intentional misconduct.

4. **Disaffiliation** – Separation from SEIU and CSEA for their roles in supporting actions that undermined a democratic election ALONG with court-ordered policy changes to ensure compliance with Local 1000 Bylaws (2018), Policy File (2020).

5. **Request Jury Trial** - Obtain a jury trial with full disclosure of Plaintiff requested union records.

6. **Monetary Damages** – Actual Damages: $21 million for emotional distress and reputational harm caused by the actions of the three Defendants. This amount is based on the impact of lost professional standing, career opportunities, and personal suffering. Nullification of ALL penalties/judgments against Plaintiff and financial legal fees reimbursement for Plaintiff.

7. **Punitive Damages:** Plaintiff seeks punitive damages to deter similar misconduct, given the intentional and egregious nature of the three Defendants' actions.

8. **Attorney's fees and costs** (pro se basis) under 42 U.S.C. § 1988.

**SUPPORTING CASE LAW** - This action is supported by established precedent including:

• State Action: Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961); Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974)

• First Amendment: Pickering v. Board of Education, 391 U.S. 563 (1968); Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977)

• Due Process: Mathews v. Eldridge, 424 U.S. 319 (1976); County of Sacramento v. Lewis, 523 U.S. 833 (1998)

• Public Function: Richardson v. McKnight, 521 U.S. 399 (1997); Marsh v. Alabama, 326 U.S. 501 (1946)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 25, 2025
Signature of Plaintiff *Richard Louis Brown*
Printed Name of Plaintiff Richard Louis Brown