UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS BROWN, | Case No. 2:24-cv-3276-DJC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SEIU LOCAL 1000, *et al.* | |
| Defendants. | |

Richard Louis Brown ("plaintiff") brings this action against defendants SEIU Local 1000, Service Employees International Union, and the California State Employees Association. ECF No. 9 at 2-3. The complaint fails because none of the defendants are state actors, and, thus, plaintiff's section 1983 claims against them cannot succeed. I recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants, labor unions each, violated his rights by removing him from the position of president of SEIU Local 1000. ECF No. 9 at 8-9. I previously found that these allegations did not give rise to viable section 1983 claims because plaintiff had not alleged that defendants acted under color of state law. ECF No. 5 at 2. In his current complaint, plaintiff alleges that defendants acted under color of state law because SEIU Local 1000 is a public-sector union operating under state law, ECF No. 9 at 6, and because removal decisions are "functionally state actions." *Id.* There is substantial case law, however, establishing that public sector unions are not state actors for purposes of section 1983. *See Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1998) ("In general, a union is not a state actor."); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d. Cir. 2002) ("Labor unions such as [Civil Service Employees Association, Inc.]

2

generally are not state actors . . . ."); *Moore v. IBEW Local 8*, 76 Fed. Appx. 82, 83 (6th Cir. 2003) (holding that district court correctly concluded that union was not a state actor for the purposes of section 1983). Plaintiff cites a number of cases for the proposition that a public sector union is a state actor, but none directly support this proposition. In *West v. Atkins*, the Supreme Court held that a physician who, part time, provides medical services to state prisoners acts under color of state law. 487 U.S. 42, 54 (1988). In *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001), the Supreme Court determined that a statewide association that regulated athletic competition within the state was a state actor. In *Lugar v. Edmonson Oil Co.*, the Supreme Court found that a private actor acted under color of state law where it sought attachment of plaintiff's property in state court. 457 U.S. 922, 933 (1982). Finally, in *Wright v. SEIU*, the Ninth Circuit held that the union was not a state actor where plaintiff alleged it violated her constitutional rights by deducting funds from her without consent. 48 F.4th 1112, 1122 (9th Cir. 2022).[1] Nothing in the complaint indicates or persuades that a union's decision to remove a local president should be considered state action. *See Kern v. City of Rochester*, 93 F.3d 38, 43 (2d. Cir. 1996) (holding that plaintiff could not pursue a section 1983 claim against defendant where he was acting in his capacity as president of local union).

Plaintiff has been afforded multiple opportunities to amend and state a viable section 1983 claim. He has repeatedly failed to state a cognizable claim. Accordingly, I conclude that this action should be dismissed without leave to amend, because amendment would be futile. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (futility of amendment is reason to deny leave to amend).

Accordingly, it is RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a cognizable claim.

---

[1] Plaintiff also cites other cases, none of which avail him. In *Jackson v. Metropolitan Edison Co.*, the Supreme Court held that a utility company's termination of plaintiff's electricity for non-payment did not constitute state action. 419 U.S. 345, 353 (1974). He also cites, for no obvious purposes, *Marsh v. Alabama*, a case weighing whether a state can impose criminal punishment on an individual who distributes religious literature on the premises of a company owned town. 326 U.S. 501, 502 (1945).

3

1        2. The Clerk of Court be directed to close the case.

2        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4